JUDGE KENNELLY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE MARTIN

UNITED STATES OF AMERICA )
)    Case No.   13 CR 312
v. )
)    Violations:   Title 18, United States
EDWARD J. NOVAK, )    Code, Section 371; Title 42, United
ROY M. PAYAWAL, )    United States Code, Sections
PERCY CONRAD MAY, JR., )    1320a-7b(b)(1)(A) and 1320a-7b(b)(2)(A)
SUBIR MAITRA, )
SHANIN MOSHIRI, )
    also known as "Shawni Moshiri," )
RAJIV KANDALA, )
ANTHONY J. PUORRO, and )
NOEMI VELGARA )

**RECEIVED**

OCT 2 4 2013

MICHAEL T. MASON
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

### COUNT ONE

The SPECIAL AUGUST 2012 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Medicare was a Federal health care program that provided free
and below-cost health care benefits to eligible beneficiaries, including Medicare Part
A benefits for medically necessary in-patient hospital care and testing, and Medicare
Part B benefits for medically necessary physician services and out-patient services.

    b.    Medicaid was a federal health care program that authorized
federal grants to Illinois for medical assistance, including medically necessary
in-patient and out-patient services to certain eligible low-income and disabled
beneficiaries.

*10-22-2013*

**FILED**

OCT 2 2 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1

c.     The federal healthcare program anti-kickback statute, 42 U.S.C. § 1320a-7b(b), prohibited the offer and payment as well as the solicitation and receipt of remunerations in return for the referral of patients for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program.

d.     West Side Community Hospital, Inc., doing business as Sacred Heart Hospital, was a licensed acute-care hospital located at 3240 West Franklin Boulevard in Chicago, Illinois.   Sacred Heart provided health care services to patients insured by Medicare, Medicaid, and private insurance companies.

e.     The Golden L.I.G.H.T. clinics were family practice / internal medicine clinics run as unincorporated divisions of Sacred Heart.

f.     EDWARD J. NOVAK was Sacred Heart's owner and chief executive officer, a position in which NOVAK had ultimate authority over the hospital's operations and personnel.

g.     ROY M. PAYAWAL was Sacred Heart's executive vice president of finance and chief financial officer, a position in which PAYAWAL was responsible for, among other things, overseeing Sacred Heart's books and records, including its accounts payable and payroll.

h.     ANTHONY J. PUORRO was employed as Sacred Heart's chief operating officer, a position in which PUORRO was responsible for, among other things, overseeing the hospital's clinical departments and general operations, and making decisions regarding physician recruitment.

2

i.  Administrator A was employed, before ANTHONY J. PUORRO, as Sacred Heart's chief operating officer, a position in which Administrator A was responsible for, among other things, overseeing the hospital's clinical departments and general operations, and making decisions regarding physician recruitment.

j.  NOEMI VELGARA was employed as Sacred Heart's vice president of geriatric services, a position in which VELGARA was responsible for, among other things, overseeing the Golden L.I.G.H.T. medical clinics, managing Sacred Heart's marketing and transportation services staff, and overseeing employees responsible for patient recruitment at Sacred Heart and the Golden L.I.G.H.T. clinics.

k.  PERCY CONRAD MAY, JR. was a medical doctor licensed to practice medicine in Illinois who had privileges to treat patients at Sacred Heart. MAY owned the May Medical Center, a medical clinic located on West Washington Boulevard in Chicago, Illinois.

l.  SUBIR MAITRA was a medical doctor licensed to practice medicine in Illinois who had privileges to treat patients at Sacred Heart.

m.  SHANIN "SHAWNI" MOSHIRI was a doctor of podiatric medicine licensed to practice podiatric medicine in Illinois who had privileges to treat patients at Sacred Heart. MOSHIRI owned the Chicago Foot Clinic, Ltd., a podiatric medical practice located in Chicago, Illinois.

n.  RAJIV KANDALA was a medical doctor licensed to practice medicine in Illinois who had privileges to treat patients at Sacred Heart.

3

o. Physician A was a medical doctor whose license to practice medicine in Illinois was suspended from in or about July 2002 through in or about March 2012, when it was restored to a probationary status.

p. Physician B was a medical doctor licensed to practice medicine in Illinois on a probationary status since September 2006.

2. From no later than 2004 through in or about April 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL,
ANTHONY J. PUORRO, and
NOEMI VELGARA,

defendants herein, Administrator A, and others, did conspire to knowingly and willfully offer and pay remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from Sacred Heart to Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, and Rajiv Kandala, and others, to induce them to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under Medicare and Medicaid, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

4

## Overview of the Conspiracy

3.     It was part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, Administrator A, and others agreed that Sacred Heart would pay and did pay bribes to Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, and Rajiv Kandala, and others, in return for the referral of patients insured by Medicare and Medicaid to Sacred Heart.

4.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, Administrator A, and others caused Sacred Heart to pay bribes and kickbacks to physicians in order to induce patient referrals and increase the patient census at Sacred Heart, which, in turn, increased hospital revenue.

5.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, Administrator A, and others agreed to solicit physicians to refer patients insured by Medicare and Medicaid to Sacred Heart by offering to pay and arranging for Sacred Heart to pay bribes for those patient referrals.

6. It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, and Administrator A advised Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Physicians A and B, and others, that Sacred Heart would pay bribes concealed as consulting, employment and personal services compensation, rent, and instructional stipends in return for the referral of patients insured by Medicare and Medicaid to Sacred Heart.

7. It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, Administrator A, and others agreed to conceal the bribes paid to Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, and others, by masking those bribes as components of payments provided for legitimate services, including consulting and employment compensation, rent, and instructional stipends, when in truth and in fact, those payments contained disguised bribes paid for the referral of patients.

8. It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and Administrator A did not require Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, and Rajiv Kandala actually to provide all of the services that were used to justify the payments provided. Although styled as payments for legitimate services, the payments actually contained disguised bribes paid to and for the benefit of May, Maitra, Moshiri, and Kandala, in exchange for the referral of patients to Sacred Heart.

## Manner and Means of the Conspiracy

9.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and Administrator A caused Sacred Heart to pay and offer to pay rent to the May Medical Center when NOVAK, PAYAWAL, PUORRO, and Administrator A knew that a portion of those payments were not legitimate business expenses of Sacred Heart, and that those payments contained disguised bribes paid for the benefit of Percy Conrad May, Jr. in return for May's referral of patients to Sacred Heart.

10.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and Administrator A caused Sacred Heart to pay and offer to pay Shanin Moshiri and the Chicago Foot Clinic, Ltd. for purported educational services Moshiri provided to podiatric surgery residents studying at Sacred Heart, when NOVAK, PAYAWAL, and PUORRO knew that Moshiri did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes paid to Moshiri in return for Moshiri's referral of patients to Sacred Heart.

11.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, and ANTHONY J. PUORRO caused Sacred Heart to pay and offer to pay Subir Maitra for purported educational services Maitra provided to medical students studying at Sacred Heart, when NOVAK, PAYAWAL, and PUORRO knew that Maitra did not perform services for Sacred Heart that justified those payments,

7

and that those payments contained disguised bribes paid to Maitra in return for Maitra's referral of patients to Sacred Heart.

12.  It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO caused Sacred Heart to pay and offer to pay Rajiv Kandala for purported consulting and educational services to Sacred Heart and its staff, when NOVAK, PAYAWAL and PUORRO knew that Kandala did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes paid to Kandala in return for Kandala's referral of patients to Sacred Heart.

13.  It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, Administrator A, and others misrepresented, concealed, and hid and caused to be misrepresented, concealed, and hidden, the purpose of and acts done in furtherance of the conspiracy.

**Sacred Heart's Kickback Payments**

14.  It was further part of the conspiracy that from in or about March 2004 through in or about April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and Administrator A caused Sacred Heart to pay Percy Conrad May, Jr. hundreds of thousands of dollars in bribes disguised as rent.

15.     It was further part of the conspiracy that, from in or about November 2006 through in or about April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and Administrator A caused Sacred Heart to pay Shanin Moshiri over $150,000 in bribes disguised as payments provided for purportedly teaching podiatric surgery residents.

16.     It was further part of the conspiracy that, from in or about June 2010 through in or about April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, and ANTHONY J. PUORRO caused Sacred Heart to pay Subir Maitra at least approximately $68,000 in bribes disguised as payments provided for purportedly teaching medical students studying at Sacred Heart.

17.     It was further part of the conspiracy that, from in or about April 2012 through in or about April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, and ANTHONY J. PUORRO caused Sacred Heart to pay Rajiv Kandala at least approximately $32,000 in bribes disguised as compensation for consulting and instructional services purportedly provided to Sacred Heart and its staff.

18.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, Administrator A, and others arranged for Sacred Heart to provide other remunerations, including clinic space and the employment services of hospital staff, to physicians to induce them to refer patients insured by Medicare and Medicaid to Sacred Heart.

19.     It was further part of the conspiracy that ROY M. PAYAWAL, ANTHONY J. PUORRO, and NOEMI VELGARA agreed to have Sacred Heart offer to pay bribes to Sacred Heart transportation staff employees for the recruitment and referral of patients to Sacred Heart.

20.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and NOEMI VELGARA caused Sacred Heart to pay remunerations to individuals employed by Sacred Heart as "marketers" to recruit patients for Sacred Heart.

### Overt Acts

21.     In furtherance of and to effect the object of this conspiracy, defendants committed and caused to be committed the following overt acts in the Northern District of Illinois:

a.     On or about March 1, 2004, EDWARD J. NOVAK caused Sacred Heart to enter into an office lease with May Medical Center.

b.     On or about May 5, 2009, NOEMI VELGARA told Physician A that if Physician A was able to refer Medicare-insured patients to Sacred Heart, VELGARA would arrange for Sacred Heart to pay bribes to Physician A, disguised as compensation to be paid to an individual identified by Physician A, who would not have to perform any actual services for those payments.

c.     On or about June 1, 2010, EDWARD J. NOVAK caused Sacred Heart to enter into a teaching agreement with Subir Maitra.

10

d.   On or about November 1, 2006, EDWARD J. NOVAK caused Sacred Heart to enter into a physician independent contractor agreement with Shanin Moshiri.

e.   On or about September 1, 2008, EDWARD J. NOVAK and Administrator A caused Sacred Heart to enter into a physician independent contractor agreement with Shanin Moshiri.

f.   On or about January 5, 2012, NOEMI VELGARA and ANTHONY J. PUORRO told Physician B that if Physician B would refer patients to Sacred Heart, EDWARD J. NOVAK, VELGARA and PUORRO would cause Sacred Heart to pay bribes to Physician B, disguised as employment compensation.

g.   On or about April 1, 2012, EDWARD J. NOVAK and ANTHONY J. PUORRO caused Sacred Heart to enter into a physician services agreement with Rajiv Kandala.

h.     On the dates specified below, at Chicago, in the Northern District of Illinois and elsewhere, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, Administrator A, and others, caused Sacred Heart to pay the following remunerations, among other payments and remuneration, each of which constitutes an overt act in furtherance of the conspiracy:

| Payment Date | Recipient | Amount |
|---|---|---|
| May 23, 2012 | May | $2,000 |
| September 7, 2012 | May | $2,000 |
| February 1, 2012 | Maitra | $2,000 |
| March 7, 2013 | Maitra | $2,000 |
| January 9, 2010 | Moshiri | $4,000 |
| March 8, 2013 | Moshiri | $2,000 |
| December 12, 2012 | Kandala | $4,025 |
| March 19, 2013 | Kandala | $4,025 |

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(k) of Count One of this indictment are incorporated here.

2.     On or about May 23, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and<br>
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 29025, dated May 1, 2012, made payable to May Medical Center, to induce Percy Conrad May, Jr. to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(e) and 1(k) of Count One of this indictment are incorporated here.

2.      On or about May 23, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 29025, dated May 1, 2012, made payable to May Medical Center, in return for defendant MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(k) of Count One of this indictment are incorporated here.

2.     On or about September 7, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 32812, dated September 4, 2012, made payable to May Medical Center, to induce Percy Conrad May, Jr. to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(e) and 1(k) of Count One of this indictment are incorporated here.

2.      On or about September 7, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 32812, dated September 4, 2012, made payable to May Medical Center, in return for defendant MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(g) and 1(l) of Count One of this indictment are incorporated here.

2.      On or about February 1, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 27789, dated February 1, 2012, made payable to Subir Maitra, MD, to induce Subir Maitra to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

17

## COUNT SEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(e) and 1(l) of Count One of this indictment are incorporated here.

2.      On or about February 1, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SUBIR MAITRA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 27789, dated February 1, 2012, made payable to Subir Maitra, MD, in return for defendant MAITRA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT EIGHT

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(g) and 1(l) of Count One of this indictment are incorporated here.

2.      On or about March 7, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35128, dated March 5, 2013, made payable to Subir Maitra, MD, to induce Subir Maitra to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT NINE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(e) and 1(l) of Count One of this indictment are incorporated here.

2.     On or about March 7, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SUBIR MAITRA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35128, dated March 5, 2013, made payable to Subir Maitra, MD, in return for defendant MAITRA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(m) of Count One of this indictment are incorporated here.

2.     On or about January 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and<br>
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,000 in the form of a Sacred Heart operating account check, bearing check number 10181, dated January 8, 2010, made payable to Shawni Moshiri, DPM, to induce Shanin Moshiri to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(e) and 1(m) of Count One of this indictment are incorporated here.

2.      On or about January 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHANIN MOSHIRI,
also known as "Shawni Moshiri,"

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,000 in the form of a Sacred Heart operating account check, bearing check number 10181, dated January 8, 2010, made payable to Shawni Moshiri, DPM, in return for defendant MOSHIRI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWELVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(m) of Count One of this indictment are incorporated here.

2.     On or about March 8, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35124, dated March 1, 2013, made payable to Chicago Foot Clinic, Ltd., to induce Shanin Moshiri to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(e) and 1(m) of Count One of this indictment are incorporated here.

2.     On or about March 8, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHANIN MOSHIRI,
also known as "Shawni Moshiri,"

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35124, dated March 1, 2013, made payable to Chicago Foot Clinic, Ltd, in return for defendant MOSHIRI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(n) of Count One of this indictment are incorporated here.

2.     On or about December 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 34124, dated December 12, 2012, made payable to Rajiv Kandala, M.D.S.C., to induce Rajiv Kandala to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraph 1(a) through 1(e) and 1(n) of Count One of this indictment are incorporated here.

2.    On or about December 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAJIV KANDALA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of Sacred Heart operating account check, bearing check number 34124, dated December 12, 2012, made payable to Rajiv Kandala, M.D.S.C., in return for defendant KANDALA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) through 1(g) and 1(n) of Count One of this indictment are incorporated here.

2.     On or about March 19, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 35118, dated February 28, 2013, made payable to Rajiv Kandala, M.D.S.C., to induce Rajiv Kandala to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

27

## COUNT SEVENTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) through 1(e) and 1(n) of Count One of this indictment are incorporated here.

2.      On or about March 19, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RAJIV KANDALA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 35118, dated February 28, 2013, made payable to Rajiv Kandala, M.D.S.C., in return for defendant KANDALA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2012 GRAND JURY further alleges:

1.    The allegations of Paragraph 1(a) through 1(g) and 1(k) through 1(n) of Count One of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 982(a)(7).

2.    As a result of their violations of Title 18, United States Code, Section 371 and title 42, United States Code, Sections 1320a-7b(b)(1)(A) and 1320a-7b(b)(2)(A), as alleged in this indictment,

EDWARD J. NOVAK,<br>
ROY M. PAYAWAL,<br>
PERCY CONRAD MAY, JR.,<br>
SUBIR MAITRA,<br>
SHANIN MOSHIRI, and<br>
RAJIV KANDALA,

defendants herein, shall forfeit to the United States any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived directly and indirectly from gross proceeds traceable to the charged offenses.

3.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7), include, but are not limited to, (1) the total amount of Medicare and Medicaid reimbursements made on claims submitted on behalf of patients for whose referral defendants solicited and received kickbacks, and (2) the total amount of kickbacks paid to defendants MAY, MAITRA, MOSHIRI, and KANDALA.

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission by defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

30