

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 8 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No.  13 CR 312 |
| v. | ) |
| | ) Violations:  Title 18, United States |
| EDWARD J. NOVAK, | ) Code, Section 371; Title 42, United |
| ROY M. PAYAWAL, | ) United States Code, Sections |
| VENKATESWARA R. KUCHIPUDI, | ) 1320a-7b(b)(1)(A) and 1320a-7b(b)(2)(A) |
| PERCY CONRAD MAY, JR., | ) |
| SUBIR MAITRA, | ) |
| SHANIN MOSHIRI, | ) **JUDGE KENNELLY** |
|    also known as "Shawni Moshiri," | ) **MAGISTRATE JUDGE MARTIN** |
| RAJIV KANDALA, | ) <u>Superseding Indictment</u> |
| ANTHONY J. PUORRO, | ) |
| NOEMI VELGARA, | ) |
| CLARENCE NAGELVOORT, and | ) |
| JAGDISH SHAH | ) |

**COUNT ONE**

The SPECIAL AUGUST 2012 GRAND JURY charges:

1.     At times material to this indictment:

**Federal Medical Insurance**

a.     Medicare was a federal health care program that provided free
and below-cost health care benefits to eligible beneficiaries, including Medicare
Part A benefits for medically necessary in-patient hospital care and testing, and
Medicare Part B benefits for medically necessary physician services and out-patient
services.

b.     Medicaid was a federal health care program that authorized
federal grants to Illinois for medical assistance, including medically necessary in-

1

patient and out-patient services to certain eligible low-income and disabled beneficiaries.

c. The federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b), prohibited the offer and payment as well as the solicitation and receipt of remunerations in return for the referral of patients for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a federal health care program, including Medicare and Medicaid. Under the anti-kickback statute, hospitals were prohibited from paying physicians and others in exchange for past or future patient referrals.

### Background Concerning Sacred Heart Hospital

d. West Side Community Hospital, Inc., doing business as Sacred Heart Hospital, was a licensed acute-care hospital located at 3240 West Franklin Boulevard, on the west side of Chicago, Illinois. Sacred Heart provided health care services to patients insured by Medicare and Medicaid, as well as private insurance companies.

e. The Golden L.I.G.H.T. clinics were family practice/internal medicine clinics run as unincorporated divisions of Sacred Heart.

f. Sacred Heart employed certain physicians, podiatrists, nurses, and other personnel. Sacred Heart also permitted non-employee physicians and podiatrists to apply for and receive privileges to treat patients at Sacred Heart. If Sacred Heart granted physicians and podiatrists privileges to practice at Sacred

2

Heart, those physicians and podiatrists were permitted to see and treat patients at the hospital, using the hospital's facilities.

g.　　Sacred Heart maintained a podiatric residency program, which was administered by a podiatrist who served as program director. Sacred Heart compensated the director for his oversight of the program. Podiatrists on staff at Sacred Heart participated in the program. Sacred Heart generally did not compensate podiatrists for their involvement in the podiatric residency program.

h.　　Sacred Heart permitted certain organizations to operate medical-student programs inside of the hospital. Those organizations determined the physicians who worked with the medical students, and paid those physicians for their involvement in the program. Sacred Heart generally did not compensate physicians for their involvement in these medical student programs.

### The Defendants and Their Co-Conspirators

i.　　EDWARD J. NOVAK was Sacred Heart's owner and chief executive officer, a position in which NOVAK had ultimate authority over the hospital's operations and personnel.

j.　　ROY M. PAYAWAL was Sacred Heart's executive vice president of finance and chief financial officer, a position in which PAYAWAL was responsible for, among other things, overseeing Sacred Heart's books and records, including its accounts payable and payroll.

3

k. CLARENCE NAGELVOORT was employed as Sacred Heart's chief operating officer, a position in which NAGELVOORT was responsible for, among other things, overseeing the hospital's clinical departments and general operations, and making decisions regarding physician recruitment.

l. Following Clarence Nagelvoort, ANTHONY J. PUORRO was employed as Sacred Heart's chief operating officer, a position in which PUORRO was responsible for, among other things, overseeing the hospital's clinical departments and general operations, and making decisions regarding physician recruitment.

m. NOEMI VELGARA was employed as Sacred Heart's vice president of geriatric services, a position in which VELGARA was responsible for, among other things, overseeing the Golden L.I.G.H.T. medical clinics, managing Sacred Heart's marketing and transportation services staff, and overseeing employees responsible for patient recruitment at Sacred Heart and the Golden L.I.G.H.T. clinics.

n. Administrator A was licensed by the State of Illinois as a respiratory care practitioner and was employed by Company A, a health care management consulting company that, through Administrator A, was contracted to provide services, including respiratory-care consulting services, to Sacred Heart.

o. Administrator B was employed as Sacred Heart's director of nursing, a position in which Administrator B was responsible for, among other

things, managing the hospital's non-physician medical staff and facilitating the treatment of patients referred to Sacred Heart.

      p.    VENKATESWARA R. KUCHIPUDI was a medical doctor licensed to practice medicine in Illinois. KUCHIPUDI had privileges to treat patients at Sacred Heart. KUCHIPUDI owned V.R. Kuchipudi M.D. S.C., doing business as Brookpark Medical Center, a medical doctors' group incorporated in the state of Illinois, which operated a medical clinic in Brookfield, Illinois.

      q.    PERCY CONRAD MAY, JR., was a medical doctor licensed to practice medicine in Illinois. MAY had privileges to treat patients at Sacred Heart. MAY owned the May Medical Center, a medical clinic located in Chicago, Illinois.

      r.    SUBIR MAITRA was a medical doctor licensed to practice medicine in Illinois. MAITRA had privileges to treat patients at Sacred Heart.

      s.    SHANIN "SHAWNI" MOSHIRI was a doctor of podiatric medicine licensed to practice podiatric medicine in Illinois. MOSHIRI had privileges to treat patients at Sacred Heart. MOSHIRI owned the Chicago Foot Clinic, Ltd., a podiatric medical practice located in Chicago, Illinois.

      t.    RAJIV KANDALA was a medical doctor licensed to practice medicine in Illinois. KANDALA had privileges to treat patients at Sacred Heart.

      u.    JAGDISH SHAH was a medical doctor licensed to practice medicine in Illinois. SHAH had privileges to treat patients at Sacred Heart.

## Other Medical Professionals

v.    Employee A was a physician assistant licensed to practice in Illinois. Employee A worked at Sacred Heart and the May Medical Center treating patients for Percy Conrad May, Jr. Thereafter, Employee A worked at Sacred Heart, Brookpark Medical Center, and nursing homes treating patients for Venkateswara R. Kuchipudi.

w.    Employee B was a registered nurse and advanced practice nurse licensed to practice in Illinois. Employee B worked at Sacred Heart, treating patients for Venkateswara R. Kuchipudi.

x.    Employee C was a registered nurse and advanced practice nurse licensed to practice in Illinois. Employee C worked at Sacred Heart and nursing homes, treating patients for Venkateswara R. Kuchipudi.

y.    Physician A was a medical doctor whose license to practice medicine in Illinois was suspended from in or about July 2002 through in or about March 2012, when it was restored to a probationary status.

z.    Physician B was a medical doctor licensed to practice medicine in Illinois on a probationary status since September 2006.

aa.    Physician C was a medical doctor licensed to practice medicine in Illinois. Physician C had privileges to treat patients at Sacred Heart.

2.     From no later than 2001 through in or about April 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL,
VENKATESWARA R. KUCHIPUDI,
ANTHONY J. PUORRO,
NOEMI VELGARA, and
CLARENCE NAGELVOORT,

defendants herein, Administrators A and B, and others known and unknown to the Grand Jury, did conspire:

(a)     to knowingly and willfully solicit and receive remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from Sacred Heart to Venkateswara R. Kuchipudi, Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Jagdish Shah, and others, in return for them to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under Medicare and Medicaid, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A); and

(b)     to knowingly and willfully offer and pay remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from Sacred Heart to Venkateswara R. Kuchipudi, Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Jagdish Shah, and others, to induce them to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for

which payment may be made in whole and in part under Medicare and Medicaid, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## Overview of the Conspiracy

3.      It was part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, CLARENCE NAGELVOORT, Administrators A and B, and others agreed that Sacred Heart would offer to pay and would pay bribes and kickbacks to VENKATESWARA R. KUCHIPUDI, Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Jagdish Shah, Physician A, Physician B and others in return for the referral of patients insured by Medicare and Medicaid to Sacred Heart.

4.      It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, CLARENCE NAGELVOORT, Administrators A and B, and others caused Sacred Heart to pay bribes and kickbacks to VENKATESWARA R. KUCHIPUDI, Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Jagdish Shah, and other physicians in order to induce patient referrals and increase the patient census at Sacred Heart, which, in turn, increased hospital revenue.

5.      It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, CLARENCE NAGELVOORT, Administrators A and B, and others agreed to conceal the bribes and kickbacks paid to physicians by disguising those bribes and kickbacks so that

they would appear to be legitimate payments. Specifically, NOVAK, PAYAWAL, PUORRO, VELGARA, NAGELVOORT, Administrators A and B, and others caused payments to be made to VENKATESWARA R. KUCHIPUDI, Percy Conrad May, Jr., Subir Maitra, Shanin Moshiri, Rajiv Kandala, Jagdish Shah, and others for patient referrals that were disguised as: a) employee and personal services compensation; b) rent payments; c) teaching stipends; and d) consulting payments.

6.     It was further part of the conspiracy that, to maximize the benefits to Sacred Heart from bribe-and-kickback-induced referrals of patients to Sacred Heart, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and others implemented procedures designed to ensure that patients were transported from nursing homes and facilities directly to Sacred Heart irrespective of the patients' proximity to Sacred Heart and medical necessity.

### Bribes and Kickbacks Disguised as Employee Compensation

7.     It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and Administrators A and B caused Sacred Heart to make bribe and kickback payments disguised as employee compensation to medical professionals, for the benefit of KUCHIPUDI and Percy Conrad May, Jr., in return for KUCHIPUDI's and May's referrals of patients to Sacred Heart.

9

8.    It was further part of the conspiracy that EDWARD J. NOVAK and CLARENCE NAGELVOORT agreed to hire Sacred Heart employees who could be provided as bribes and kickbacks paid to doctors who referred patients to Sacred Heart. Specifically, NOVAK, NAGELVOORT, and Administrators A and B agreed to cause Sacred Heart to hire medical professionals, such as physician assistants and advanced practice nurses, and to pay the medical professionals' salary and benefits, but assign the medical professionals to work for non-employee Sacred Heart physicians to induce those physicians to refer patients to Sacred Heart, and to compensate physicians for past referrals.

9.    It was further part of the conspiracy that in or about December 2009, EDWARD J. NOVAK and CLARENCE NAGELVOORT caused Sacred Heart to hire Employee A as a physician assistant, intending to offer Employee A's services to physicians as a concealed bribe and kickback.

10.    It was further part of the conspiracy that from in or about December 2009 through in or about September 2010, EDWARD J. NOVAK and CLARENCE NAGELVOORT caused Employee A to report to the May Medical Center and perform services for Percy Conrad May, Jr., despite the fact that Sacred Heart paid Employee A's salary and benefits. This was a benefit to May because Sacred Heart paid for the work Employee A performed at the May Medical Center.

11.    It was further part of the conspiracy that from in or about December 2010 through in or about April 2013, EDWARD J. NOVAK, ROY M.

10

PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and Administrators A and B caused Employee A to report to KUCHIPUDI and to perform services for KUCHIPUDI at various locations, including nursing homes, the Brookpark Medical Center, and Sacred Heart, despite the fact that Sacred Heart paid the majority of Employee A's compensation. This was a benefit to KUCHIPUDI because Sacred Heart paid for work Employee A performed for KUKCHIPUDI inside and outside of Sacred Heart.

12.    It was further part of the conspiracy that from in or about May 2011 through in or about April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, CLARENCE NAGELVOORT, and Administrators A and B caused Employee B to report to KUCHIPUDI and perform services for KUCHIPUDI at Sacred Heart despite the fact that Sacred Heart paid Employee B's salary and benefits. This was a benefit to KUCHIPUDI because Sacred Heart paid for the work Employee B performed for KUCHIPUDI.

13.    It was further part of the conspiracy that in or about September 2010, EDWARD J. NOVAK, CLARENCE NAGELVOORT, and Administrator A caused Sacred Heart to hire Employee C as an advanced practice nurse, intending to offer Employee C's services to physicians as a concealed bribe and kickback.

14.    It was further part of the conspiracy that from in or about September 2010 through in or about June 2011, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, CLARENCE NAGELVOORT, and

11

Administrators A and B caused Employee C to report to KUCHIPUDI and perform services for KUCHIPUDI at various locations, including nursing homes and Sacred Heart, despite the fact that Sacred Heart paid Employee C's salary. This was a benefit to KUCHIPUDI because Sacred Heart paid for the work Employee C performed for KUCHIPUDI.

15. It was further part of the conspiracy that, from in or about January 2011 through in or about May 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and Administrators A and B caused Sacred Heart to pay more than approximately $10,000 to Employee A as reimbursement for travel expenses that Employee A incurred traveling to treat KUCHIPUDI's patients in nursing homes and at the Brookpark Medical Center. This was a benefit to KUCHIPUDI because Sacred Heart paid the travel expenses Employee A incurred while working for KUCHIPUDI outside of Sacred Heart.

16. It was further part of the conspiracy that, during the aforementioned periods, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay Employees A, B, and C the following approximate annualized salaries, pro-rated over bi-weekly pay periods, for the benefit of KUCHIPUDI:

12

| Employee | Annualized Salary |
|----------|-------------------|
| Employee A | $75,000 |
| Employee B | $53,500 |
| Employee C | $80,000 |

These payments included disguised bribes and kickbacks paid to KUCHIPUDI in exchange for his past and future referrals of patients to Sacred Heart.

17.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and Administrator B agreed to cause Sacred Heart to pay Physician C to treat KUCHIPUDI's patients on weekends and other occasions when KUCHIPUDI could or would not come to Sacred Heart to treat patients. Specifically, NOVAK, PAYAWAL, KUCHIPUDI, PUORRO, NAGELVOORT, and Administrator B agreed to have Sacred Heart pay Physician C for treating KUCHIPUDI's patients at Sacred Heart. KUCHIPUDI billed insurers, including Medicare and Medicaid, for the services that Physician C provided for the treatment of KUCHIPUDI's patients. This was a benefit to KUCHIPUDI because Sacred Heart paid for the work Physician C performed for KUCHIPUDI.

13

18. It was further part of the conspiracy that between on or about November 5, 2012 and on or about April 15, 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay Physician C a total of approximately $18,466.

### Bribes and Kickbacks Disguised as Rent Payments

19. It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay and offer to pay purported "rent" payments to Percy Conrad May, Jr., and the May Medical Center, when NOVAK, PAYAWAL, PUORRO, and NAGELVOORT knew that a portion of those payments were not legitimate business expenses of Sacred Heart, and that those payments contained disguised bribes and kickbacks paid for the benefit of May in return for May's referral of patients to Sacred Heart.

20. It was further part of the conspiracy that in or about March 2004, EDWARD J. NOVAK and others caused Sacred Heart to enter into a lease agreement with the May Medical Center and that thereafter, NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, CLARENCE NAGELVOORT and others caused Sacred Heart to make regular payments to the Center, purportedly as rent, so that Sacred Heart could use the Center's space. Sacred Heart made these

payments, in part, as disguised bribes and kickbacks paid to Percy Conrad May, Jr., in exchange for past and future referrals of patients to Sacred Heart.

21.    It was further part of the conspiracy that from in or about March 2004 through April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay Percy Conrad May, Jr., hundreds of thousands of dollars containing bribes and kickbacks disguised as rent in exchange for May's past and future referrals of patients to Sacred Heart.

### Bribes and Kickbacks Disguised as Teaching Stipends

22.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay and offer to pay Shanin Moshiri and the Chicago Foot Clinic, Ltd., for purported educational services Moshiri provided to the podiatric residency program at Sacred Heart, when NOVAK, PAYAWAL, PUORRO, and NAGELVOORT knew that Moshiri did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes and kickbacks paid to Moshiri in return for Moshiri's referral of patients to Sacred Heart.

23.    It was further part of the conspiracy that in or about March 2006, EDWARD J. NOVAK and others caused Sacred Heart to enter into an agreement with Shanin Moshiri and that thereafter, NOVAK, ROY M. PAYAWAL,

15

ANTHONY J. PUORRO, CLARENCE NAGELVOORT and others caused Sacred Heart to make regular payments to Moshiri, purportedly for Moshiri to serve as an administrator and instructor for the podiatric residency program at Sacred Heart. Sacred Heart made the payments, in part, as disguised bribes and kickbacks paid to Moshiri for future and past referrals of patients to Sacred Heart.

24.    It was further part of the conspiracy that between November 2006 and April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and others caused Sacred Heart to pay Moshiri more than $150,000 containing bribes and kickbacks disguised as payments for Moshiri's service as an administrator and instructor for the podiatric residency program at Sacred Heart in exchange for Moshiri's future and past referrals of patients to Sacred Heart.

25.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, and CLARENCE NAGELVOORT caused Sacred Heart to pay and offer to pay Subir Maitra for purported educational services Maitra provided to medical students rotating with physicians at Sacred Heart, when NOVAK, PAYAWAL, PUORRO, and NAGELVOORT knew that Maitra did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes paid to Maitra in return for Maitra's referral of patients to Sacred Heart.

26. It was further part of the conspiracy that in or about May 2010, EDWARD J. NOVAK, CLARENCE NAGELVOORT, and others caused Sacred Heart to enter into an agreement with Subir Maitra and that thereafter, NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NAGELVOORT and others caused Sacred Heart to pay Maitra $2,000 per month purportedly to teach medical students at Sacred Heart. As NOVAK, PAYAWAL, PUORRO, and NAGELVOORT knew, Maitra was not a formal participant in the medical student programs operated by organizations at Sacred Heart. NOVAK, PAYAWAL, PUORRO, and NAGELVOORT knew Maitra did not perform services for Sacred Heart that justified the payments made to Maitra purportedly for teaching medical students.

27. It was further part of the conspiracy that between in or about May 2010 and April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and others caused Sacred Heart to pay Subir Maitra at least $68,000 under the contract, knowing that those payments contained disguised bribes and kickbacks paid to Maitra in return for Maitra's past and future referrals of patients to Sacred Heart.

**Bribes and Kickbacks Disguised as Consulting Payments**

28. It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, and CLARENCE NAGELVOORT caused Sacred Heart to pay and offer to pay Jagdish Shah for educational and consulting services Shah provided at Sacred Heart, when NOVAK, PAYAWAL, PUORRO, and

17

NAGELVOORT knew that Shah did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes paid to Shah in return for Shah's referral of patients to Sacred Heart.

29.   It was further part of the conspiracy that in or about July 2009, EDWARD J. NOVAK, CLARENCE NAGELVOORT, and others caused Sacred Heart to enter into a contract with Jagdish Shah and that thereafter NOVAK, ROY M. PAYAWAL, NAGELVOORT and others caused Sacred Heart to pay Shah $2,000 per month, purportedly to establish and develop a cancer screening and prevention program at Sacred Heart.  Shah submitted time sheets to Sacred Heart that NOVAK, PAYAWAL, and NAGELVOORT knew and had reason to know were false. NOVAK, PAYAWAL, and NAGELVOORT nevertheless agreed to pay Shah pursuant to the contract as disguised bribes and kickbacks for the past and future referral of patients.

30.   It was further part of the conspiracy that from in or about July 2009 through in or about January 2012, EDWARD J. NOVAK, ROY M. PAYAWAL, and CLARENCE NAGELVOORT caused Sacred Heart to pay Jagdish Shah at least approximately $56,000, knowing that Shah did not perform services for Sacred Heart that justified those payments, and that Sacred Heart's payments to Shah contained disguised bribes and kickbacks paid to Shah in return for Shah's referral of patients to Sacred Heart.

31.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, and ANTHONY J. PUORRO caused Sacred Heart to pay and offer to pay Rajiv Kandala for educational and consulting services Kandala provided at Sacred Heart, when NOVAK, PAYAWAL, and PUORRO knew that Kandala did not perform services for Sacred Heart that justified those payments, and that those payments contained disguised bribes paid to Kandala in return for Kandala's referral of patients to Sacred Heart.

32.    It was further part of the conspiracy that in or about April 2012, EDWARD J. NOVAK, ANTHONY J. PUORRO, and others caused Sacred Heart to enter into a contract with Rajiv Kandala and that thereafter NOVAK, ROY M. PAYAWAL, PUORRO and others caused Sacred Heart to pay Kandala $175 per hour, up to 23 hours per month, purportedly to educate Sacred Heart patients and staff in the area of palliative care and treatment of the elderly, frail elderly, disabled and other patients, and case management of patients at Sacred Heart. Kandala submitted time sheets to Sacred Heart that NOVAK, PAYAWAL, and PUORRO knew and had reason to know were false.  NOVAK, PAYAWAL, and PUORRO nevertheless agreed to pay Kandala money pursuant to the contract as disguised bribes and kickbacks for the past and future referral of patients.

33.    It was further part of the conspiracy that from in or about April 2012 through April 2013, EDWARD J. NOVAK, ROY M. PAYAWAL, and ANTHONY J. PUORRO caused Sacred Heart to pay Rajiv Kandala at least approximately

19

$32,000, knowing that Kandala did not perform services that justified those payments, and that Sacred Heart's payments to Kandala contained disguised bribes paid to Kandala in return for Kandala's referral of patients to Sacred Heart.

### Other Bribes and Kickbacks

34.   It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, and CLARENCE NAGELVOORT agreed to have Sacred Heart pay and offer to pay bribes and kickbacks to physicians and podiatrists by transporting patients to see those physicians and podiatrists, at no cost to the patients, physicians, and podiatrists, in exchange for the referral of patients to Sacred Heart and its clinics.

35.   It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, and CLARENCE NAGELVOORT agreed to have Sacred Heart offer to provide and provide physicians with free medical clinic space and staff in exchange for the physicians' referral of patients to Sacred Heart and its clinics.

36.   It was further part of the conspiracy that ROY M. PAYAWAL and ANTHONY J. PUORRO agreed to have Sacred Heart offer to pay bribes to Sacred Heart transportation staff employees for the recruitment and referral of patients to Sacred Heart and its clinics.

37.   It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, and CLARENCE

NAGELVOORT agreed to have Sacred Heart pay and offer to pay bribes to Sacred Heart marketing staff to recruit patients to Sacred Heart and its clinics.

38.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, NOEMI VELGARA, and CLARENCE NAGELVOORT agreed to have Sacred Heart marketing staff pay and offer to pay bribes to others, including directors of senior centers and nursing homes, in order to secure patient referrals to Sacred Heart and its clinics.

39.    It was further part of the conspiracy that EDWARD J. NOVAK, ROY M. PAYAWAL, VENKATESWARA R. KUCHIPUDI, ANTHONY J. PUORRO, NOEMI VELGARA, CLARENCE NAGELVOORT, Administrators A and B, and others misrepresented, concealed, and hid and caused to be misrepresented, concealed, and hidden, the purpose of and acts done in furtherance of the conspiracy.

### Overt Acts

40.    In furtherance of and to effect the object of this conspiracy, defendants committed and caused to be committed the following overt acts in the Northern District of Illinois:

a.    In or about December 2010, CLARENCE NAGELVOORT and Administrators A and B assigned Employee A to work for VENKATESWARA R. KUCHIPUDI.

21

b.    In or about June 2011, Administrator B assigned Employee B to work for VENKATESWARA R. KUCHIPUDI.

c.    In or about September 2010, CLARENCE NAGELVOORT and Administrator A assigned Employee C to work for VENKATESWARA R. KUCHIPUDI.

d.    On or about April 12, 2013, EDWARD J. NOVAK caused Sacred Heart to enter into a physician independent contractor agreement with Physician C for work Physician C had done and would do for VENKATESWARA R. KUCHIPUDI.

e.    On or about March 1, 2004, EDWARD J. NOVAK signed on behalf of Sacred Heart an office lease with May Medical Center.

f.    On or about November 1, 2006, EDWARD J. NOVAK signed on behalf of Sacred Heart a physician independent contractor agreement with Shanin Moshiri.

g.    On or about September 1, 2008, CLARENCE NAGELVOORT signed on behalf of Sacred Heart a physician independent contractor agreement with Shanin Moshiri.

h.    On or about June 1, 2010, EDWARD J. NOVAK signed on behalf of Sacred Heart a teaching agreement with Subir Maitra.

i.    On or about April 1, 2012, ANTHONY J. PUORRO signed on behalf of Sacred Heart a physician services agreement with Rajiv Kandala.

j.     On or about August 1, 2009, CLARENCE NAGELVOORT signed on behalf of Sacred Heart an independent contractor agreement with Jagdish Shah.

k.     On or about May 5, 2009, NOEMI VELGARA told Physician A that if Physician A was able to refer Medicare-insured patients to Sacred Heart, VELGARA would arrange for Sacred Heart to pay bribes to Physician A, disguised as compensation to be paid to an individual identified by Physician A, who would not have to perform any actual services for those payments.

l.     On or about January 5, 2012, NOEMI VELGARA and ANTHONY J. PUORRO told Physician B that if Physician B would refer patients to Sacred Heart, EDWARD J. NOVAK, VELGARA and PUORRO would cause Sacred Heart to pay bribes to Physician B, disguised as employment compensation.

m.     On the dates specified below, at Chicago, in the Northern District of Illinois and elsewhere, EDWARD J. NOVAK, ROY M. PAYAWAL, ANTHONY J. PUORRO, CLARENCE NAGELVOORT, and others caused Sacred Heart to pay the following remunerations to KUCHIPUDI, May, Moshiri, Maitra, Kandala, and Shah, among other payments and remuneration, each of which constitutes an overt act in furtherance of the conspiracy:

| Payment Date | Payment Type | Amount |
|---|---|---|
| December 24, 2010 | Kuchipudi Wages to Employee A | $2,083.08 |

| | | |
|---|---|---|
| February 19, 2011 | Kuchipudi<br>Wages to Employee A | $2,145.81 |
| February 17, 2012 | Kuchipudi<br>Wages to Employee A | $1,966.88 |
| February 1, 2013 | Kuchipudi<br>Wages to Employee A | $1,955.47 |
| June 2, 2011 | Kuchipudi<br>Mileage to Employee A | $192.78 |
| March 13, 2013 | Kuchipudi<br>Mileage to Employee A | $184.32 |
| August 17, 2012 | Kuchipudi<br>Wages to Employee B | $1,552.01 |
| January 18, 2013 | Kuchipudi<br>Wages to Employee B | $1,513.53 |
| November 12, 2010 | Kuchipudi<br>Wages to Employee C | $2,780 |
| April 29, 2011 | Kuchipudi<br>Wages to Employee C | $2,888.46 |
| November 5, 2012 | Kuchipudi<br>Payment to Physician C | $1,686 |
| April 15, 2013 | Kuchipudi<br>Payment to Physician C | $16,730 |
| July 1, 2009 | May<br>Rent payment | $5,000 |
| November 2, 2009 | May<br>Rent payment | $5,000 |
| May 23, 2012 | May<br>Rent payment | $2,000 |
| September 7, 2012 | May<br>Rent payment | $2,000 |
| December 25, 2009 | May<br>Wages to Employee A | $2,150.69 |
| April 30, 2010 | May<br>Wages to Employee A | $2,145.81 |

24

| March 3, 2011 | Maitra Teaching Payment | $2,000 |
|---|---|---|
| February 1, 2012 | Maitra Teaching Payment | $2,000 |
| March 7, 2013 | Maitra Teaching Payment | $2,000 |
| January 9, 2010 | Moshiri Teaching Payment | $4,000 |
| June 1, 2010 | Moshiri Teaching Payment | $2,000 |
| March 8, 2013 | Moshiri Teaching Payment | $2,000 |
| December 12, 2012 | Kandala Consulting Payment | $4,025 |
| March 19, 2013 | Kandala Consulting Payment | $4,025 |
| July 21, 2010 | Shah Consulting Payment | $2,000 |
| November 11, 2010 | Shah Consulting Payment | $2,000 |

In violation of Title 18, United States Code, Section 371.

**COUNT TWO**
**[Wages to Employee A]**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(v) of Count One of

this indictment are incorporated here.

2.      On or about December 24, 2010, at Chicago, in the Northern District of

Illinois, Eastern Division, and elsewhere,

**EDWARD J. NOVAK,**
**ROY M. PAYAWAL, and**
**CLARENCE NAGELVOORT,**

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay,

directly and indirectly, overtly and covertly, remuneration in the amount of

$2,083.08, in the form of a Sacred Heart Hospital payroll check, bearing check

number 23848, dated December 24, 2010, made payable to Employee A, as an

indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer

patients to Sacred Heart for the furnishing and arranging for the furnishing of

services for which payment may be made in whole and in part under a federal

health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and

Title 18, United States Code, Section 2.

26

## COUNT THREE
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about December 24, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,083.08 from Sacred Heart, in the form of a Sacred Heart Hospital payroll check, bearing check number 23848, dated December 24, 2010, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.     On or about February 19, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,145.81, in the form of a Sacred Heart Hospital payroll check, bearing check number 17250, dated February 19, 2011, made payable to Employee A, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

28

## COUNT FIVE
**[Wages to Employee A]**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about February 19, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,145.81 from Sacred Heart, in the form of a Sacred Heart Hospital payroll check, bearing check number 17250, dated February 19, 2011, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIX
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about February 17, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,966.88, in the form of a Sacred Heart Hospital payroll check, bearing check number 32500, dated February 17, 2012, made payable to Employee A, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart Hospital for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

30

## COUNT SEVEN
## [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about February 17, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,966.88 from Sacred Heart, in the form of a Sacred Heart Hospital payroll check, bearing check number 32500, dated February 17, 2012, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

31

**COUNT EIGHT**
**[Wages to Employee A]**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about February 1, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,955.47, in the form of a Sacred Heart Hospital payroll check, bearing check number 39851, dated February 1, 2013, made payable to Employee A, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart Hospital for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

32

## COUNT NINE
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.       Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.       On or about February 1, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,955.47 from Sacred Heart, in the form of a Sacred Heart Hospital payroll check, bearing check number 39851, dated February 1, 2013, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TEN
### [Mileage to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about June 2, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK, and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $192.78, in the form of a Sacred Heart Hospital operating account check, bearing check number 24542, dated June 2, 2011, made payable to Employee A, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

34

**COUNT ELEVEN**
**[Mileage to Employee A]**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about June 2, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $192.78 from Sacred Heart, in the form of a Sacred Heart Hospital operating account check, bearing check number 24542, dated June 2, 2011, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWELVE
### [Mileage to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.     On or about March 13, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and<br>
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $184.32, in the form of a Sacred Heart Hospital operating account check, bearing check number 35262, dated March 13, 2013, made payable to Employee A, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

36

## COUNT THIRTEEN
### [Mileage to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(v) of Count One of this indictment are incorporated here.

2.    On or about March 13, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $184.32 from Sacred Heart, in the form of a Sacred Heart Hospital operating account check, bearing check number 35262, dated March 13, 2013, made payable to Employee A, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN
### [Wages to Employee B]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(w) of Count One of this indictment are incorporated here.

2.      On or about August 17, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,552.01, in the form of a Sacred Heart Hospital payroll account check, bearing check number 36221, dated August 17, 2012, made payable to Employee B, as an indirect payment to Venkateswara R. Kuchipudim to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT FIFTEEN
### [Wages to Employee B]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(w) of Count One of this indictment are incorporated here.

2.      On or about August 17, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,552.01 from Sacred Heart, in the form of Sacred Heart Hospital payroll account check, bearing check number 36221, dated August 17, 2012, made payable to Employee B, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

39

**COUNT SIXTEEN**
**[Wages to Employee B]**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(w) of Count One of this indictment are incorporated here.

2.      On or about January 18, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,513.53, in the form of a Sacred Heart Hospital payroll account check, bearing check number 39567, dated January 18, 2013, made payable to Employee B, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

40

## COUNT SEVENTEEN
### [Wages to Employee B]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(n) – 1(p), and 1(w) of Count One of this indictment are incorporated here.

2.      On or about January 18, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,513.53 from Sacred Heart, in the form of Sacred Heart Hospital payroll account check, bearing check number 39567, dated January 18, 2013, made payable to Employee B, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

41

## COUNT EIGHTEEN
### [Wages to Employee C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(x) of Count One of this indictment are incorporated here.

2.      On or about November 12, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK ,<br>
ROY M. PAYAWAL, and<br>
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,780, in the form of a Sacred Heart Hospital payroll account check, bearing check number 22998, dated November 12, 2010, made payable to Employee C, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT NINETEEN
## [Wages to Employee C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.　　Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(x) of Count One of this indictment are incorporated here.

2.　　On or about November 12, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,780 from Sacred Heart, in the form of Sacred Heart Hospital payroll account check, bearing check number 22998, dated November 12, 2010, made payable to Employee C, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

43

### COUNT TWENTY
### [Wages to Employee C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(x) of Count One of this indictment are incorporated here.

2.      On or about April 29, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK ,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,888.46, in the form of a Sacred Heart Hospital payroll account check, bearing check number 26552, dated April 29, 2011, made payable to Employee C, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

44

## COUNT TWENTY-ONE
### [Wages to Employee C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(n) – 1(p), and 1(x) of Count One of this indictment are incorporated here.

2.      On or about April 29, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,888.46 from Sacred Heart, in the form of Sacred Heart Hospital payroll account check, bearing check number 26552, dated April 29, 2011, made payable to Employee C, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

45

## COUNT TWENTY-TWO
### [Payment to Physician C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(p), and 1(aa) of Count One of this indictment are incorporated here.

2.    On or about November 5, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart Hospital to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,686, in the form of a Sacred Heart Hospital payroll account check, bearing check number 33766, dated November 15, 2010, made payable to Physician C, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT TWENTY-THREE
### [Payment to Physician C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(p), and 1(aa) of Count One of this indictment are incorporated here.

2.      On or about November 5, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,686 from Sacred Heart, in the form of Sacred Heart Hospital operating account check, bearing check number 33766, dated November 15, 2012, made payable to Physician C, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

47

## COUNT TWENTY-FOUR
### [Payment to Physician C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(p), and 1(aa) of Count One of this indictment are incorporated here.

2.      On or about April 15, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $16,730, in the form of a Sacred Heart Hospital payroll account check, bearing check number 35698, dated April 15, 2013, made payable to Physician C, as an indirect payment to Venkateswara R. Kuchipudi, to induce Kuchipudi to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT TWENTY-FIVE
### [Payment to Physician C]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.       Paragraph 1(a) – 1(f), 1(i) – 1(j), 1(p), and 1(aa) of Count One of this indictment are incorporated here.

2.       On or about April 15, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENKATESWARA R. KUCHIPUDI,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $16,730 from Sacred Heart, in the form of a Sacred Heart Hospital payroll account check, bearing check number 23698, dated April 15, 2013, made payable to Physician C, as an indirect payment to KUCHIPUDI, in return for KUCHIPUDI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), and 1(q) of Count One of this indictment are incorporated here.

2.      On or about July 1, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $5,000 in the form of a Sacred Heart operating account check, bearing check number 7888, dated July 1, 2009, made payable to May Medical Center, to induce Percy Conrad May, Jr., to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SEVEN
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(k), and 1(q) of Count One of this indictment are incorporated here.

2.     On or about July 1, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $5,000 in the form of a Sacred Heart operating account check, bearing check number 7888, dated July 1, 2009, made payable to May Medical Center, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

51

## COUNT TWENTY-EIGHT
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.       Paragraph 1(a) – 1(f), 1(i) – 1(k), and 1(q) of Count One of this indictment are incorporated here.

2.       On or about November 2, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,<br>
ROY M. PAYAWAL, and<br>
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $5,000 in the form of a Sacred Heart operating account check, bearing check number 9385, dated November 2, 2009, made payable to May Medical Center, to induce Percy Conrad May, Jr., to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT TWENTY-NINE
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.  Paragraph 1(a) – 1(f), 1(i) – 1(k), and 1(q) of Count One of this indictment are incorporated here.

2.  On or about November 2, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $5,000 in the form of a Sacred Heart operating account check, bearing check number 9385, dated November 2, 2009, made payable to May Medical Center, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(q) of Count One of this indictment are incorporated here.

2.     On or about May 23, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and<br/>ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 29025, dated May 1, 2012, made payable to May Medical Center, to induce Percy Conrad May, Jr., to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-ONE
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(q) of Count One of this indictment are incorporated here.

2.      On or about May 23, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 29025, dated May 1, 2012, made payable to May Medical Center, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

55

## COUNT THIRTY-TWO
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(q) of Count One of this indictment are incorporated here.

2.      On or about September 7, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 32812, dated September 4, 2012, made payable to May Medical Center, to induce Percy Conrad May, Jr., to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

### COUNT THIRTY-THREE
### [Rent Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(q) of Count One of this indictment are incorporated here.

2.      On or about September 7, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 32812, dated September 4, 2012, made payable to May Medical Center, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-FOUR
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(q), and 1(v) of Count One of this indictment are incorporated here.

2.     On or about December 25, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,150.69, in the form of a Sacred Heart payroll check, bearing check number 15903, dated December 25, 2009, made payable to Employee A, as an indirect payment to Percy Conrad May, Jr., to induce May to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT THIRTY-FIVE
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(q), and 1(v) of Count One of this indictment are incorporated here.

2.     On or about December 25, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,150.69 in the form of a Sacred Heart Hospital payroll check, bearing check number 15903, dated December 25, 2009, made payable to Employee A, as an indirect payment to MAY, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-SIX
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(q), and 1(v) of Count One of this indictment are incorporated here.

2.     On or about April 30, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,145.81, in the form of a Sacred Heart payroll check, bearing check number 18964, dated April 30, 2010, made payable to Employee A, as an indirect payment to Percy Conrad May, Jr., to induce May to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT THIRTY-SEVEN
### [Wages to Employee A]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(k), 1(q), and 1(v) of Count One of this indictment are incorporated here.

2.      On or about April 30, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PERCY CONRAD MAY, JR.,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,145.81 in the form of a Sacred Heart Hospital payroll check, bearing check number 18964, dated April 30, 2010, made payable to Employee A, as an indirect payment to MAY, in return for MAY referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-EIGHT
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(h) – 1(k), and 1(r) of Count One of this indictment are incorporated here.

2.      On or about March 3, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,<br>
ROY M. PAYAWAL, and<br>
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 23042, dated March 3, 2011, made payable to Subir Maitra, MD, to induce Subir Maitra to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-NINE
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(h) – 1(k), and 1(r) of Count One of this indictment are incorporated here.

2.     On or about March 3, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SUBIR MAITRA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 23042, dated March 3, 2011, made payable to Subir Maitra, MD, in return for MAITRA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

63

## COUNT FORTY
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(h) – 1(j), and 1(r) of Count One of this indictment are incorporated here.

2.      On or about February 1, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 27789, dated February 1, 2012, made payable to Subir Maitra, MD, to induce Subir Maitra to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

64

## COUNT FORTY-ONE
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(h) – 1(j), and 1(r) of Count One of this indictment are incorporated here.

2.      On or about February 1, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SUBIR MAITRA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 27789, dated February 1, 2012, made payable to Subir Maitra, MD, in return for MAITRA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

65

## COUNT FORTY-TWO
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(h) – 1(j), and 1(r) of Count One of this indictment are incorporated here.

2.     On or about March 7, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35128, dated March 5, 2013, made payable to Subir Maitra, MD, to induce Subir Maitra to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-THREE
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(h) – 1(j), and 1(r) of Count One of this indictment are incorporated here.

2.      On or about March 7, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SUBIR MAITRA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35128, dated March 5, 2013, made payable to Subir Maitra, MD, in return for MAITRA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-FOUR
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(g), 1(i) – 1(k), and 1(s) of Count One of this indictment are incorporated here.

2.      On or about January 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,000 in the form of a Sacred Heart operating account check, bearing check number 10181, dated January 8, 2010, made payable to Shawni Moshiri, DPM, to induce Shanin Moshiri to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-FIVE
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(g), 1(i) – 1(k), and 1(s) of Count One of this indictment are incorporated here.

2.      On or about January 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**SHANIN MOSHIRI,**
also known as "Shawni Moshiri,"

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,000 in the form of a Sacred Heart operating account check, bearing check number 10181, dated January 8, 2010, made payable to Shawni Moshiri, DPM, in return for MOSHIRI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-SIX
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(g), 1(i) – 1(k), and 1(s) of Count One of this indictment are incorporated here.

2.      On or about June 1, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 12190, dated June 1, 2010, made payable to Shawni Moshiri, DPM, to induce Shanin Moshiri to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-SEVEN
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(g), 1(i) – 1(k), and 1(s) of Count One of this indictment are incorporated here.

2.     On or about March 2, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SHANIN MOSHIRI,
### also known as "Shawni Moshiri,"

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 12190, dated June 1, 2010, made payable to Shawni Moshiri, DPM, in return for MOSHIRI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-EIGHT
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(g), 1(i) – 1(j), and 1(s) of Count One of this indictment are incorporated here.

2.      On or about March 8, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35124, dated March 1, 2013, made payable to Chicago Foot Clinic, Ltd., to induce Shanin Moshiri to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-NINE
### [Teaching Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(g), 1(i) – 1(j), and 1(s) of Count One of this indictment are incorporated here.

2.      On or about March 8, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**SHANIN MOSHIRI,**
also known as "Shawni Moshiri,"

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 35124, dated March 1, 2013, made payable to Chicago Foot Clinic, Ltd, in return for MOSHIRI referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTY
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(t) of Count One of this indictment are incorporated here.

2.      On or about December 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 34124, dated December 12, 2012, made payable to Rajiv Kandala, M.D.S.C., to induce Rajiv Kandala to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

74

## COUNT FIFTY-ONE
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(t) of Count One of this indictment are incorporated here.

2.      On or about December 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RAJIV KANDALA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of Sacred Heart operating account check, bearing check number 34124, dated December 12, 2012, made payable to Rajiv Kandala, M.D.S.C., in return for KANDALA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTY-TWO
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(t) of Count One of this indictment are incorporated here.

2.      On or about March 19, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK and
ROY M. PAYAWAL,

defendants herein, knowingly and willfully caused Sacred Heart to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 35118, dated February 28, 2013, made payable to Rajiv Kandala, M.D.S.C., to induce Rajiv Kandala to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTY-THREE
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(t) of Count One of this indictment are incorporated here.

2.      On or about March 19, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAJIV KANDALA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $4,025 in the form of a Sacred Heart operating account check, bearing check number 35118, dated February 28, 2013, made payable to Rajiv Kandala, M.D.S.C., in return for KANDALA referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTY-FOUR
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(u) of Count One of this indictment are incorporated here.

2.      On or about July 21, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart Hospital to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 12914, dated July 21, 2010, made payable to Jagdish Shah MD, to induce Jagdish Shah to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

78

## COUNT FIFTY-FIVE
## [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraph 1(a) — 1(f), 1(i) — 1(j), and 1(u) of Count One of this indictment are incorporated here.

2.    On or about July 21, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAGDISH SHAH,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of in the amount of $2,000 from Sacred Heart, in the form of a Sacred Heart operating account check, bearing check number 12914, dated July 21, 2010, made payable to SHAH, in return for SHAH referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIFTY-SIX
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(u) of Count One of this indictment are incorporated here.

2.     On or about November 11, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD J. NOVAK,
ROY M. PAYAWAL, and
CLARENCE NAGELVOORT,

defendants herein, knowingly and willfully caused Sacred Heart Hospital to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $2,000 in the form of a Sacred Heart operating account check, bearing check number 21487, dated November 11, 2010, made payable to Jagdish Shah MD, to induce Jagdish Shah to refer patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT FIFTY-SEVEN
### [Consulting Payment]

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1(a) – 1(f), 1(i) – 1(j), and 1(u) of Count One of this indictment are incorporated here.

2.      On or about November 11, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAGDISH SHAH,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of in the amount of $2,000 from Sacred Heart, in the form of a Sacred Heart operating account check, bearing check number 21487, dated November 11, 2010, made payable to SHAH, in return for SHAH referring patients to Sacred Heart for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare and Medicaid;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2012 GRAND JURY further alleges:

1.     The allegations of Counts One through Fifty-Seven of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 982(a)(7).

2.     As a result of their violations of Title 18, United States Code, Section 371 and Title 42, United States Code, Sections 1320a-7b(b)(1)(A) and 1320a-7b(b)(2)(A), as alleged in this indictment,

EDWARD J. NOVAK,
ROY M. PAYAWAL,
VENKATESWARA R. KUCHIPUDI,
PERCY CONRAD MAY, JR.,
SUBIR MAITRA,
SHANIN MOSHIRI,
RAJIV KANDALA,
CLARENCE NAGELVOORT, and
JAGDISH SHAH,

defendants herein, shall forfeit to the United States any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived directly and indirectly from gross proceeds traceable to the charged offenses.

3.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7), include, but are not limited to, (1) the total amount of Medicare and Medicaid reimbursements made on claims submitted on behalf of patients for whose referral defendants solicited

and received kickbacks, and (2) the total amount of kickbacks paid to defendants KUCHIPUDI, MAY, MAITRA, MOSHIRI, KANDALA, and SHAH.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission by defendants:

       (a)    cannot be located upon the exercise of due diligence;

       (b)    has been transferred or sold to, or deposited with, a third party;

       (c)    has been placed beyond the jurisdiction of the court;

       (d)    has been substantially diminished in value; or

       (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY